Dear Mr. Perlman:
Your opinion request to the Attorney General has been referred to me for research and response. The question involves the Louisiana Employment Opportunity Loan Program (LEO) (LSA-R.S. 17:3046 et. seq.) and its interpretation by the Louisiana Proprietary School Commission.
At issue herein is the Proprietary School Commission's effort to force J. B. Hunt Transport, Inc. to be licensed as a proprietary school insofar as its truck driver training efforts are concerned. The factual circumstances creating this question are as follows:
By Act 938 of the 1992 regular session, the Legislature created the Louisiana Employment Opportunity Loan Program LEO now contained in LSA-R.S. 17:3046-3046.4. This program provides state guaranteed student loans to pay the cost of employee training in an effort to attract other industry to our state and to expand existing industry already in the state. Along with its trucking business J. B. Hunt Transport Inc. (HUNT) maintains a truck driver training school in the state and is seeking to avail itself of these student loans to defray the costs to students in its driving school. The Proprietary School Commission takes the position that Hunt's effort makes it a proprietary school which must be licensed under LSA-R.S. 17:3142.2.
The law applicable to this question is as follows:
A "proprietary school" is defined by LSA-R.S. 17:3141.2 as follows:
 (1) A "proprietary school," hereinafter referred to as "school," means any business enterprise operated for a profit or on a nonprofit basis which maintains a place of business within this state, or which sells or offers for sale any course of instruction in this state, either by correspondence using the mails or by any other means of communication, or by personal solicitation, and which offers or maintains a course or courses of instruction or study, or at which place of business such a course or courses of instruction or study is available through classroom instruction, or both, to a person or persons for the purpose of training or preparing such person for a field of endeavor in a business, trade, technical or industrial occupation, except as hereinafter excluded. The definition of a proprietary school shall not include:
Hunt relies on the following exemption section, in supporting its position that it need not be licensed as a proprietary school.
 (d) A course or courses of instruction or study sponsored by an employer for the training and preparation of its own employees when the employer is not primarily engaged in the business of selling or offering courses of instruction or study;
Hunt claims that it is not "primarily engaged in the business of selling or offering courses of instruction or study" and based on our information this is unquestionably true. Hunt is a trucking company that also offers driver training for its employees.
Act 938 of 1992 provides in pertinent part as follows:
LSA-R.S. 17:3046.1
 A. (3) "Student trainee" or "borrower" means the individual selected for training and determined to be eligible for a loan under the Louisiana Employment Opportunity (LEO) Program.
 (4) "Employee" means a student trainee who has successfully completed the prescribed course of employment training and has accepted full-time employment with the employer.
LSA-R.S. 17:3046.2
 (A) The Louisiana Employment Opportunity Loan Program is hereby created to assist qualified applicants in obtaining employment through completion of an eligible employee's prescribed training course.
LSA-R.S. 17:3046.3
(B) The employer shall:
 (1) Interview and accept the student trainee as an employee based upon successful completion of the employer's designated course of employment training.
 (2) Require the student to complete a loan application and promissory note in accordance with the guarantor's rules and regulations:
 (3) Withhold from the employee's wages and remit the monthly student loan payment to the lender of record.
 (4) Upon the employee's completion of the period of service in the agreement with the department, assume the obligation of repaying the employee's student loan.
 (5) Upon the employee's termination or resignation occurring prior to completion of the period of service specified in the agreement with the department, inform the employee of his loan repayment obligation and notify the guarantor of the employee's termination or resignation and, if available, the former employees forwarding address and the name and address of the new employer.
The answer to your question depends on the intention of Hunt to employ or not to employ the students involved. As stated above, in order to qualify for the loan program, the employer must "Interview and accept the student trainee as a employee based upon successful completion" . . . of the course. It is clear that the purpose of the LEO statute is to foster the training of employees for the participant employer. Its purpose is not to facilitate proprietary schools.
Based upon the facts presented to our office, the individuals involved in this program meet the definition of "student trainee" in LSA-R.S. 17:3046.1(3) and do not exchange that status for that of an "employee" under LSA-R.S.17:3046.1(4) until after the course is completed and full-time employment has been accepted. LSA-R.S. 17:3046.3 B(1) requires the employer to accept the student trainee as an employee if completion of the course is successful. We are also informed that Hunt absorbs all expenses for those persons who resign or drop from the training program and is further required by its agreements to employ the trainee upon completion of the course. Hunt also guarantees the obligation of the student involved in the training. Hunt is not required by the LEO law to employ the student prior to the completion of the training, only to agree to employ him or her upon successful completion of the course.
Based upon all of the information at our disposal, it is the opinion of this office that Hunt is not a proprietary school subject to the jurisdiction of the Commission but is a Transport Company engaged in the training of prospective employees for work at its facilities in Louisiana and nationwide. In this purpose, it is an intended beneficiary, along with the trainees, of the LEO Law which "shall provide funds to trainees to pay the cost of employment training" LSA-R.S. 17:3046(B).
We hope the foregoing has been helpful to your inquiry and should you have additional questions please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:pab 0213p